CYRUS R. CLAPP ET AL., PLAINTIFFS IN ERROR, V. E. M. MAXWELL & CO. ET AL., DEFENDANTS IN ERROR.

1. **Foreclosure of Mortgages.** A leading principle of our statutes relative to the foreclosure of mortgages upon real property is, that a mortgagor shall not be answerable for the debt secured upon the mortgage, and personally, at the same time, without leave of the court.

2. ———: POWER OF THE COURT IN. By a decree of foreclosure of a mortgage upon real estate, a court possesses no power to give a lien upon, or to affect any other property of the mortgagor until that included in the mortgage is exhausted.

3. ———: EXECUTION AGAINST OTHER PROPERTY. A general execution cannot be issued on a decree of foreclosure, except by order of the court, made on the report of sale, and for a deficiency ascertained after the mortgaged property is exhausted.

ERROR to the district court for Buffalo county. Tried below before GASLIN, J.

*Hamer & Conner,* for plaintiffs in error.

*Sam. L. Savidge,* for defendants in error.

LAKE, CH. J.

The action below was brought to obtain an injunction against the sale of certain real estate under an ordinary ex-

ecution. The judgment on which this execution was issued was rendered in an action brought by the said E. M. Maxwell & Co. against Lucretia E. Altaffer and others, for the foreclosure of a mortgage upon real property other than that now in controversy. The decision of the question of the plaintiffs' right to the injunction sought, independently of the incidental question of homestead, depends entirely upon the effect that must be given to the judgment in the foreclosure suit. If, as its form in part might indicate, it is really a judgment *in personam*, and effective as such, then it follows that the execution was properly issued, and the plaintiffs' right to relief is contingent upon the possibility of the property levied upon being found to have been exempt from forced sale when they purchased it from the said Lucretia Altaffer.

The proceedings to foreclose this mortgage were taken under, and are controlled by, title XXVII of the code of civil procedure, a leading principle of which seems to be that, ordinarily, a mortgagor shall not be answerable for a secured debt upon the mortgage and personally at the same time, and that, one of these remedies having been selected, it must be exhausted before the other can be resorted to, unless first specially authorized by the court. This we think is made clear by a reference to three or four sections of the title just referred to.

Section 846 provides, that in an action for the foreclosure of a mortgage, "the court shall have power to decree a sale of the mortgaged premises, or such part thereof as may be sufficient to discharge the amount due on the mortgage, and the cost of suit."

Section 847 provides that the court, in such case, "shall not only have the power to decree and compel the delivery of the possession of the premises to the purchaser thereof, but on the coming in of the report of sale,   *      *      *   to decree and direct the payment by the mortgagor of any balance of the mortgage debt that may remain unsatisfied

after a sale of the mortgaged premises, in the cases in which such balance is recoverable at law; and for that purpose may issue the necessary execution, as in other cases, against other property of the mortgagor."

Section 848 declares that: "After such petition shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court."

Section 850 requires the plaintiff in a petition for the foreclosure of a mortgage to state therein "whether any proceedings have been had at law for the recovery of the debt secured thereby, or any part thereof," etc.

And section 851 declares that: "If it appear that any judgment has been obtained, in a suit at law, for the money demanded by such petition, or any part thereof, no proceedings shall be had in such case, unless, to an execution against the property of the defendant in such judgment, the sheriff, or other proper officer, shall have returned that the execution is unsatisfied in whole or in part, and that the defendant has no property whereof to satisfy the execution, except the mortgaged premises."

It is not claimed that the court has, at any time, authorized the mortgagees to proceed against any other than the mortgaged property, but the right to do so independently of such order is claimed on the sole ground of the form of the judgment rendered [in the foreclosure suit. The ground taken in support of this claim is that, although the judgment may be broader than the statute authorizes, it is at most only erroneous, and therefore not open to collateral attack—that, until reversed or modified by an appellate tribunal, it must stand and be executed as judgments for the recovery of money only usually are.

In support of this view the case of *Murdock v. De Vries*, 37 Cal., 527, is cited. But that case, as we view it, although in some of its features somewhat analogous to the

one at bar, does not aid the defendants. It appears that the action there was brought to quash an execution, and to perpetually enjoin the enforcement of the judgment on which it was issued. The proceeding in which the judgment, thus assailed, was rendered, was to enforce the lien of a street assessment against certain real estate. The judgment provided that if the return of the sheriff upon the special execution "should show a deficiency, the clerk should enter a personal judgment for the amount of such deficiency against the defendants." A deficiency was thus shown, a personal judgment entered, and an execution for its collection issued. Relief was sought on the single ground of fraud in obtaining the judgment. The claim of fraud rested solely on the fact that the plaintiff, in taking a personal judgment, had obtained greater relief than he was entitled to. Of this claim the court said: "We are unable to perceive how fraud can be predicated of such a transaction. The act charged upon the plaintiff as a fraud was the act of the court. There was no promise, misrepresentation, or understanding between the parties, outside of the record, by which the defendants were deceived or misled in any way. * * * Of such a transaction nothing more can be predicated than that the plaintiff has obtained an erroneous judgment, which will be reversed or modified on appeal, or possibly one which is, *pro tanto*, absolutely void."

The question there decided being one of fraud in procuring the judgment, very clearly the case has no special application as an authority here, where no fraud is charged, the judgment standing unquestioned, and the only complaint respecting the legality of the execution is that, not having been authorized by the court, it was simply void.

And counsel for the defendants seems to concede that, but for the peculiar wording of the decree, if it were in the usual form of an equity decree of foreclosure, no general execution could have gone out until specially authorized

as the statute directs. But he contends that, inasmuch as it was formally "considered by the court that the said plaintiffs recover," etc., it is both a special and general judgment, and consequently a lien not only upon the particular property covered by the mortgage, but also upon the other real estate of the defendants from the time of its rendition. We cannot accept this as being a correct view of the case, for, giving to the provisions of the statute above quoted the force which they were evidently intended to have, the court, in a decree of foreclosure, seems to possess no power to give a lien upon or to affect any other property of the mortgagor until that included in the mortgage is exhausted. The affirmative declaration in sec. 846, that in a foreclosure suit "the court shall have power to decree a sale of the mortgaged premises," taken in connection with the provision in the next section, that "on the coming in of the report of sale, the court shall have power to decree and direct the payment by the mortgagor of any balance of the mortgage debt," must be taken in a restrictive sense, and as equivalent to a positive denial of power to the courts by decree to bind or affect property outside of a mortgage until that within it is exhausted.

To hold as requested by the defendants' counsel, would require us to shut our eyes to all of the decree save the clause from which we have quoted. This we have no right to do. To construe the judgment of a court properly, the ordinary rule applied in the construction of instruments generally, by which all of their parts are considered together, must be observed, for in no other way can a safe conclusion be reached as to what was really intended by it. Taking the entire decree together, we find that the court, after considering that "the said plaintiffs recover," etc., went on and provided minutely just how it should be done, but it was not by means of an ordinary execution. The decree provides that payment shall be made from the proceeds of a sale of the mortgaged premises, after the satis-

faction of a prior lien. No provision is made for a deficiency, nor could there properly have been at that time. It is only "on the coming in of the report of sale" that a deficiency can be ascertained and provided for. Therefore, taking the whole decree together, we are of opinion that, although in its wording somewhat informal, in effect it conforms substantially to the statute governing the foreclosure of mortgages, was not a lien upon property not embraced in the mortgage, and did not authorize the issue of the execution complained of.

This view of the case renders an examination of the homestead question unnecessary, and we pass it.

The judgment is reversed, and a decree may be entered here as prayed for in the petition.

REVERSED AND DECREE.