## J. Q. BURCHFIELD, *et al.*, v. C. J. HAFFEY.

1. CONTRACT; *Breach; Measure of Damages.* Where a party sub-lets a contract to another person to carry the United States mail over a specified route, and the sub-contractor executes a penal bond with sureties that he will fully and faithfully perform the mail service as provided in his contract, and after carrying the mail a short time, refuses and ceases to carry the mail without giving any notice to the original contractor, and the contract is canceled by the post-office department of the United States in accordance with the rules of the department, the original contractor is entitled to recover from the sureties on the bond as his measure of damages the amount he would have received from the United States during the time the sub-contractor was to carry the mail, according to the terms of his contract, from the time he ceased to carry the same, less the amount he was to pay for the service, not to exceed the penalty of the bond, with interest thereon at the rate of seven per cent. per annum from the time the original contractor made demand of such sureties therefor.

2. PENAL BOND; *Damages; Interest.* In an action on a penal bond, interest as damages may be allowed beyond the penalty. The penalty is the limit of liability at the time of the breach of the bond. The law gives interest for the delay in payment, and therefore for the misconduct of the sureties.

3. —————— *Case Overruled. Simmons v. Garrett,* McCahon's Rep. 82, Dassler's ed., 1 Kas. 511, overruled.

*Error from Greenwood District Court.*

ACTION brought June 8, 1883, by *C. J. Haffey* against *H. B. Gurnsey* and others, to recover $300, with interest from October 1, 1880, at seven per cent. per annum. In his petition, *Haffey* alleged the execution of the following contract:

"Witnesseth, that I, H. B. Gurnsey, have this day agreed, and by this instrument do bind myself unto C. J. Haffey, to carry the United States mail from Elk Falls to Howard, on route No. 33,239, state of Kansas, commencing on the 19th day of May, 1880, and ending on the 30th day of June, 1882, performing said services according to the schedule ordered by the post office department for said route.

"Now, in consideration of the above being fully and faithfully performed, then it is agreed by the said C. J. Haffey that he will pay, or cause to be paid, to the said H. B. Gurnsey the sum of one dollar per annum. H. B. GURNSEY.

"Signed this 19th day of May, 1880, before me, clerk of the district court, Elk county, Kansas.

[Seal.]          ASA THOMPSON, *Clerk.*"

And also the following bond:

"Whereas, H. B. Gurnsey, of Elk Falls, Kansas, has entered into an agreement with C. J. Haffey, of Eureka, Kansas, to wit, to carry the United States mail from Elk Falls to Howard, on route No. 33,239, state of Kansas, for the sum of one dollar per annum, commencing on the 19th day of May, 1880, and ending on the 30th day of June, 1882, therefore, we, H. B. Gurnsey, as principal, and J. Q. Burchfield, I. A. Powell, S. B. Oberlander, H. A. Lauman, Thomas Farrell, and J. E. Allen, as sureties, do by this instrument firmly bind ourselves, our heirs and assigns in the sum of three hundred dollars, in good and lawful money of the United States, to be paid to C. J. Haffey, his heirs or assigns, on demand; provided, however, that if the said H. B. Gurnsey fully and

faithfully perform the mail service herein described, then this bond becomes null and void; otherwise, to remain in full force.

H. B. GURNSEY.    J. Q. BURCHFIELD.
I. A. POWELL.    S. B. OBERLANDER.
H. A. LAUMAN.    THOS. FARRELL.
J. E. ALLEN.

"Signed on this 19th day of May, 1880, before me, clerk of the district court, Elk county, Kansas.

[Seal.]    ASA THOMPSON, *Clerk.*"

Gurnsey carried the mail a short time, and then declined to comply further with the terms of the contract. A few days after Gurnsey ceased to carry the mail, the post office department canceled the contract, and plaintiff demanded damages on account of the cancellation of the contract. To this petition the defendants interposed a demurrer, which was overruled; and they then answered, admitting the execution of the bond, but denied all the other allegations of the petition. They also objected to the introduction of any evidence under the petition, for the reason that it stated no cause of action. Trial at the December Term, 1883, before the court, with a jury. The jury returned a verdict for plaintiff for $358.35. Defendants filed a motion for a new trial, which was overruled, and judgment entered upon the verdict. Defendants excepted, and bring the case here.

*S. S. Kirkpatrick,* for plaintiffs in error.

*Clogston & Fuller,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Upon the trial, the court charged the jury as follows:

"If you find from the evidence that Gurnsey did not notify Haffey of his failure to comply with the terms of his contract, and that Haffey was not informed of that fact until he received notice that his contract had been canceled, the measure of his damages is the amount he would have received from the United States during the time Gurnsey was to carry the mail, according to the terms of his contract, from the time he ceased to carry the same, less the amount he was pay Gurnsey

for said service, not to exceed the sum of three hundred dollars with interest thereon at the rate of seven per cent. per annum from the time Haffey made demand of the defendants therefor."

Complaint is made of this direction. We do not think the jury were misdirected. Haffey was entitled as his damages to what he lost by the refusal of Gurnsey to perform his contract of May 19, 1880, not exceeding the amount of the bond. He had no opportunity to supply the service after Gurnsey's refusal. When they signed the bond, the sureties should have known that under the rules of the post office department if the mail was not carried as provided for by the contract, the contract might be canceled. There is a conflict in the authorities upon the question of allowing interest as damages beyond the penalty of the bond. The weight of American authority, however, is in favor of allowing interest. Sutherland, in his work on Damages, says:

*1. Contract; breach; measure of damages.*

"The penalty is the limit of liability at the time of the breach. Interest is afterward given, not on the ground of contract, but as damages for its violation, for delay of payment after the duty to pay damages for breach of the condition to the amount of the penalty had attached." (Vol. 2, pp. 14–19.)

In the notes to Sedgwick on Damages, it is stated:

"In the case of debt on bonds for the payment of money only, it seems now settled that interest may be recovered after default, even though it exceeds the penalty, and whether the action be against principal or surety." (Vol. 2, 7th ed., pp. 261–264.)

The penalty of the bond covers the misconduct of the principal; but the interest allowed on the penalty is for the misconduct of the sureties — for the delay in payment. If the damages were paid when due, they would have earned interest. The statute provides:

*2. Penal bond; damages; interest.*

"Creditors shall be allowed to receive interest at the rate of seven per cent. per annum, when no other rate of interest is agreed upon, for any money after it becomes due;  .  .  .

and for money due and withheld by an unreasonable and vex-
atious delay of payment." (Comp. Laws 1879, ch. 51, § 1.)

The authorities upon the question of allowing interest, even
though it exceeds the penalty, are collected in the notes to the
text cited, and to them we refer.

Our attention is called to the case of *Simmons v. Garrett,*
McCahon's Rep. 82.   In view of the provisions of the present
3. Case, over-     statute concerning interest, and the weight of the
ruled.             current authorities, that decision, rendered over
twenty years ago, is not satisfactory to us, and therefore must
be overruled.

We have examined the other questions submitted, but find
nothing tenable against the rulings of the trial court.

The judgment of the district court must be affirmed.

All the Justices concurring.