WILLIAM F. MALONEY ET AL. V. JOHNSON-McLEAN COMPANY ET AL.

FILED JULY 13, 1904. No. 13,598.

1. **Appeal Bond:** VALIDITY. An appeal bond in an action for the foreclosure of a mechanic's lien, in which a personal judgment has been rendered against the obligors, which is conditioned that the appellants will pay all condemnation money, judgment and costs which may be found against him or them on the final determination of the cause in the supreme court, complies with the first subdivision of section 677 of the code, is based upon a sufficient consideration, and is valid.

2. **Judgment, Finality of.** The "condemnation money" mentioned in the conditions of a bond given under the first subdivision of section 677 of the code is "found against the defendant" when the judgment of the district court appealed from is affirmed by this court.

ERROR to the district court for Douglas county: GUY R. C. READ, JUDGE. *Affirmed.*

*G. W. Shields,* for plaintiffs in error.

*C. S. Lobingier* and *J. L. Kaley, contra.*

LETTON, C.

This is an action upon an appeal bond. The original action was brought in the district court for Douglas county by the defendants in error to foreclose a mechanic's lien against William F. Maloney and Emma F. Maloney, plaintiffs in error. A judgment and decree was rendered therein against the plaintiffs in error, whereupon they filed an appeal bond, with themselves as principals and Hans · Peterson as surety, which appeal bond was conditioned as follows:

"Now, therefore, the condition of this obligation is such, that if the said William F. Maloney and Emma F. Maloney shall prosecute said appeal without delay and pay all condemnation money, judgment and costs which may be found against them on final determination of the cause in the supreme court, then this obligation shall be null and void, otherwise to remain in full force and effect." The cause was appealed to this court and by it affirmed, *McHale v. Maloney,* 67 Neb. 532, and a mandate issued, directing the district court to carry the judgment into effect. In the case at bar, judgment was rendered in the district court in favor of the obligees in the bond. It is argued by the plaintiffs in error, first, that the appeal bond was not a statutory bond, did not supersede anything and was void for want of consideration; second, that the bond was conditioned to pay only such condemnation money, judgment and costs as should be rendered by and in the supreme court, while the supreme court did not render any judgment but simply affirmed the judgment of the lower court.

In the action to foreclose the mechanic's lien a personal judgment was rendered against the plaintiffs in error. At the same time the decree found that their interest in the premises was a leasehold interest, and ordered that in case the judgment was not paid within 20 days, an order of sale be issued to sell the leasehold interest and the buildings and improvements on the real estate to satisfy

the debt.  Under the system of pleading and practice which has prevailed in this state for many years with reference to the foreclosure of mechanics' liens, a plaintiff may in the same action pray for and receive a personal judgment against a defendant for any amount found to be due him from said defendant upon the contract between them under which the labor or material was furnished, and may also have a finding and decree adjudicating the existence and validity of a mechanic's or laborer's lien upon the property described in the claim of lien filed, and in the petition, and an order of sale of the property on which the lien exists to satisfy the amount due upon the contract.  The sale of the property upon which the lien exists does not cancel or extinguish the debt or the judgment, unless the proceeds of the same are sufficient to pay the debt in full; the defendant still remains liable to the plaintiff for any amount which may remain unpaid on the judgment after the application of the proceeds of the sale *pro tanto* upon the judgment, and the plaintiff may have execution therefor.  *McHale v. Maloney, supra.*

The case of *Clapp v. Maxwell,* 13 Neb. 542, cited by plaintiff in error, is not in point in this case, since an action for the foreclosure of a mortgage and one for the foreclosure of a mechanic's lien differ in many respects in this state.  That case merely decides that personal judgment cannot be rendered in the first instance in an action for the foreclosure of a mortgage.

The conditions of the bond under consideration are those prescribed by the statute in cases of personal judgments for the payment of money.  Since the judgment was a personal judgment which directed the payment of money, a bond which is conditioned that the appellant will pay all condemnation money and costs which may be found against him or them on the final determination of the cause in the supreme court complies with the first subdivision of section 677 of the code, is based upon a sufficient consideration, and is valid.

As to the second contention of the plaintiffs in error, in

which they urge that no judgment was rendered against them in the supreme court and that consequently there is no breach of the condition, it is sufficient to say that by the words "condemnation money" is meant the damages which the party failing in an action is adjudged or condemned to pay. When the supreme court affirmed the judgment of the lower court, it "found" the condemnation money "against the defendant." It is true that the appeal in the supreme court was a trial *de novo*. But it was at the same time a review or re-examination of the decision of the district court upon the facts. When this court reaches the same conclusion upon appeal as the trial court, its practice is to affirm the judgment of the district court, which is in effect a finding and judgment against the same parties, to the same effect, as the findings and judgment of the district court. It is to be preferred that the records of the district court of each county show judgments against the persons residing therein, rather than the records of the supreme court. When the judgment of the district court awarding a money judgment against an individual is affirmed by this court the "condemnation money" is found against him, as contemplated by the language of the statute.

We find no error in the record and the judgment should be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

                                        AFFIRMED.