## THOMAS et al. v. GETHMAN.

No. 11159—Opinion Filed May 29, 1923.

1. **Appeal and Error—Action on Supersedeas Bond—Statute—Meaning of Terms.**

The term damages used in a supersedeas bond is synonymous with the words "condemnation money" under section 794, Compiled Oklahoma Statutes 1921.

2. **Same—Liability on Bond.**

A. obtains a judgment establishing the amount thereof, with interest, as a first lien on a fund; G., a judgment and second lien on such fund for the amount, with interest; and B., a judgment, without lien, on such fund, and appeals to the Supreme Court to reverse every part of said judgment, seeking priority over A. and G. to such fund, and the case is affirmed and the judgment becomes final, and such fund is not sufficient to pay both of the judgments and interest of A. and G. Held, that the sureties on the supersedeas bond of B. are liable to G. in damages for the amount which G. failed to receive out of such fund, because of such interest accrued during such appeal and paid to A. under the first lien, and also for interest pending the appeal on that portion of the fund which G. would have received had the judgment not been stayed by such bond.

3. **Same—Damages—Interest—Statute.**

Under the express provisions of section 5972, Compiled Oklahoma Statutes 1921, plaintiff was entitled to recover interest upon the penalty of the bond from the time of the breach thereof.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by William Gethman against A. U. Thomas and E. C. Million, on supersedeas bond. Judgment for plaintiff, and defendants bring error. Affirmed.

W. H. Fuller, Geo. M. Porter and J. L. Fuller, for plaintiff's in error.

Morgan & Deupree and Horton & Gill, for defendant in error.

Opinion by ESTES, C. This action was commenced in the district court of Pittsburg county by the defendant in error, William Gethman, against the plaintiffs in error, A. U. Thomas and E. C. Million, as sureties on a supersedeas bond.

In Gethman's petition he alleged that in a certain action in the district court of Bryan county, wherein the M., K. & T. Railway Company was plaintiff, and one D'Yarmett was defendant, and the Guaranteed State Bank, Gethman, and the American Asphaltum & Rubber Company et al., were defendants and cross-petitioners, judgment was obtained by D'Yarmett against the railway company for $4,732.62; that said rubber company, on its cross-petition obtained a judgment against D'Yarmett for $2,688.72 and six per cent. interest, and establishing the same as a first lien on the amount of D'Yarmett's judgment against the funds in the hands of the railway company; that

Gethman, on his cross-petition, was awarded judgment against D'Yarmett for $3,859, with interest at six per cent. and establishing the same junior to the lien of the rubber company on the remainder of said fund; that the Guaranteed State Bank obtained judgment against D'Yarmett for about $5,000 without lien on said fund; that the railway company offered to pay the fund of $4,732.62 less its costs, into court for distribution according to said judgment; that the Guaranteed State Bank of Durant appealed to the Supreme Court, and secured a stay of execution on said judgment by executing a supersedeas bond in the sum of $1,000, the plaintiffs in error, Thomas and Million, being the sureties on said bond; that said judgment was duly affirmed by the Supreme Court, and became final in Guaranteed State Bank of Durant v. D'Yarmett et al., 67 Okla. 164, 169 Pac. 639; that thereafter said rubber company was paid $3,410.62 out of said fund, being the amount of its judgments, and $710.90 interest which had accrued under the terms of its judgment during the several years said cause was pending in the Supreme Court, leaving a balance of $1,322, which was paid to Gethman under his judgment and second lien on the fund; that Gethman would have received $2,042.90 as the remainder of said fund had said appeal not been taken, and that he did receive only $1322 by reason of the depletion of said fund to pay said interest; that in addition to said damage, he lost the use of the said $2,042.90 pending said appeal, the interest on same being $520.71, making a total of $1,231.61, and sought judgment against Thomas and Million for only $1,000 with interest thereon from March 4, 1918, the date when said fund was disbursed, following said appeal. Attached to said petition was a copy of said judgment of the district court of Bryan county, and the supersedeas bond on which this suit is based, the material part of which is hereinafter set forth.

To this petition, the defendants, Thomas and Million, filed their general demurrer, which being by the court overruled, said defendants declined to plead further, and elected to stand upon said demurrer. Thereupon the trial court, after due consideration, rendered judgment in favor of Gethman and against Thomas and Million for the sum of $1,105.30 and costs. The case is properly lodged in this court on transcript of the record.

Did the trial court err in overruling said demurrer? Plaintiffs in error contend that the bond on which this suit is based contains conditions not authorized by the statute; that the district court of Bryan county exceeded its authority in prescribing same; that as a matter of law, this bond does not cover the said two interest items claimed by Gethman as damages; that the enforcement of this bond is, in effect, to penalize said bank in its right to appeal, and that therefore the demurrer to Gethman's petition should have been sustained.

1. The words "condemnation money" in our statute mean the judgment which the party failing in the action is adjudged or condemned to pay. Maloney et al. v. Johnson-McLain et al., 72 Neb. 340, 100 N. W. 423, and 1 Words & Phrases, 2nd Series, 860. These words refer to any damages for which the parties are legally liable in a suit on such bond.

2. Inter alia, said bond provides:

"That if the above bounden principal shall prosecute said appeal to effect and without delay, and shall pay to the plaintiff and to the other defendants in this cause, any and all costs or damages which they may sustain by reason of said appeal, * * * then this obligation shall be null and void, otherwise to be and remain in full force and virtue."

Section 5251, Rev. Laws 1910, being section 794, Comp. Stats. 1921, provides that in an undertaking for stay of execution, it shall be provided:

"That the plaintiff in error shall pay the condemnation money and costs in case the judgment or final order shall be affirmed in whole or in part."

This transcript shows that the Guaranteed State Bank appealed from every part of the said judgment of the district court of Bryan county. In the opinion in Guaranteed State Bank of Durant v. D'Yarmett et al., supra, it clearly appears that the Guaranteed State Bank in that suit contested the priority of the liens against said fund, as established by the judgment of the district court of Bryan county, and sought to have its said judgment declared a prior lien on said fund. It is apparent that said bond was given to indemnify codefendants rubber company and Gethman. Both the judgment and the interest of the rubber company became a first lien on said fund, and Gethman was compelled to take, under his second lien, that which was left. If the Guaranteed State Bank had not superseded said judgment and stayed the execution thereof by said bond, Gethman would have received $710.90 out of said fund more than he did receive, and would have had the use of the total amount due him from the date of said judgment. We think that both items of damage claimed by Gethman clear-

ly come within the purpose of the bond, and that the trial court did not exceed its authority under said statute, because the bond substantially followed the statute. This bond coming within the statute, and its purposes being thus clear, this case is distinguishable from those cited by counsel in which it is necessary to look to the judgment and circumstances to determine the purposes of the bond.

3. In Derrington et al. v. Conrad (Kan.) 53 Pac. 881, cited by plaintiffs in error, the court held that interest could not be superadded when not included in the judgment. That case has no application to the case at bar, for the reason that interest on the amounts due both the rubber company and Gethman were included in the judgment.

Section 5972, Comp. Stats. 1921, allows interest upon judgments which are certain, or capable of being made certain by calculation, and the right to recover which is vested on a particular day. Severns v. English, 63 Okla. 84, 163 Pac. 526. In an action on an appeal bond, interest, as damages, may be allowed beyond penalty. The penalty is the limit of liability at the time of the breach of the bond. The law gives interest for the delay in payment, and therefore for the misconduct of the sureties. Burchfield et al. v. Haffey, 34 Kan. 42, 7 Pac. 548.

The two items of damage pleaded by Gethman exceed $1,000, the penalty of the bond, and he properly asked for only the maximum fixed in the bond. The lower court was correct in rendering judgment in the case at bar for $1,000 with interest at six per cent. from March 4, 1918, the date when the penalty of the bond became due.

Judgment affirmed.

By the Court: It is so ordered.