## SOUTHERN SURETY CO. v. ENFIELD et al.

No. 14594—Opinion Filed Feb. 5, 1924.

Rehearing Denied June 17, 1924.

Second Rehearing Denied Oct. 7, 1924.

1. **Executors and Administrators — Action on Bond of Absconding Executor Without Final Accounting.**

Where an executor of an estate has absconded and concealed himself and is without the jurisdiction of the county court, and no final account has been filed by him or his resident agent and attorney, and where the county court, under appropriate proceedings, has found the amount due from the executor to the legatees, it is not necessary as a condition precedent that a final account be filed by the executor and a final decree of settlement rendered in such county court before a suit can be brought in the district court against the surety on his bond for the amount of money alleged to have been embezzled by the executor and the issues of fact tried in the district court.

2. **Principal and Surety — Amount of Surety's Liability on Bond—Interest.**

The liability of a surety on a penal bond is not extended beyond the amount specified as a penalty by the addition to such amount of the legal interest from the date the liability accrued.

3. **Sufficiency of Evidence.**

Record examined, and held, that the evidence reasonably sustains the findings of fact of the trial court.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Emma Enfield and others against Southern Surety Company. Judgment for plaintiffs. Defendant appeals. Affirmed.

E. C. Stanard and C. H. Ennis, for plaintiff in error.

W. W. Sutton, for defendants in error.

Opinion by PINKHAM, C. The parties will be designated in this opinion as they were designated in the court below.

The plaintiffs filed their petition in the district court of Garfield county against the defendant as surety to recover from it as

surety of the executor's bond of one A. D. Howard, as executor of the estate of P. H. Bradley, deceased, which suit upon the said bond is based upon the breach of conditions by A. D. Howard, executor, contained in the bond, which bond was given to and approved by the county court of Garfield county, Okla.

To this petition the defendant filed its demurrer, which being overruled defendant filed its answer, to which an amendment was afterward filed, and thereafter plaintiffs filed their reply.

The cause was called for trial in the district court, a jury being waived, and at the close of the plaintiffs' evidence the demurrer of the defendant to their evidence was overruled. At the conclusion of all of the evidence the cause was taken under advisement, and on February 17, 1923, the court filed its findings of fact and conclusions of law, and entered judgment for the plaintiffs for $14,000, the face of the bond, and interest.

Motion for a new trial was filed and overruled. Notice of appeal was given and supersedeas bond fixed, which was filed within the time provided by law. The cause comes regularly on appeal to this court.

The defendant has assigned numerous specifications of error in its petition in error, which are presented and argued in the brief of defendant under three propositions.

Under the first proposition it is contended in the brief of plaintiff in error that this suit could not be maintained in the trial court against the surety upon the bond until after the executor, A. D. Howard, filed his final account, and until there was a final decree of final settlement on the final account in the county court.

It is argued that the trial court, in its findings of fact and conclusions of law, held that the district court as a court of equity had jurisdiction to settle the account of Howard, as executor of the estate of Bradley, deceased; to determine the question of debts of the estate, both in this state and in Iowa; to determine the amount due from Howard to the residuary legatees, and then to render judgment on the bond; that no final settlement in the county court was necessary nor was a decree of the county court on final settlement adjudging the amount due the residuary legatees a condition precedent to maintaining this action.

It appears from the findings of fact found by the court that P. H. Bradley died testate in Greene county, Iowa, and his will was regularly admitted to probate in the district court of that county, there being real and personal property located there, and said A. D. Howard gave bond as executor to cover the estate in the state of Iowa, and that letters testamentary were issued to him out of that court as to the Iowa property, and that there was a farm located in Garfield county, Okla., which the deceased owned at the time of his death.

That under the terms of said will the debts, funeral expenses of the deceased, and certain direct legacies mentioned in the will were to be first paid, then by the residuary clause in the said will all the residue and remainder of the estate, wherever situated and whatever the same may consist of, was willed and directed to be divided as follows:

"One-third thereof to my sister, Emma Enfield, and two-thirds thereof to Winona White, Otto Enfield, Iva Meyer, and Rosella Enfield, share and share alike."—plaintiffs in this case.

That the said residuary clause covered the farm owned by the deceased. P. H. Bradley, situated in Garfield county, Okla.

That all the debts, expenses, and direct legacies were paid out of the Iowa estate except a little court costs in Iowa, but there was a fund from the Iowa estate more than sufficient to pay said court costs there.

That in 1920 Howard probated in the county court of Garfield county the will of P. H. Bradley as a foreign will, and was appointed executor. He qualified by taking his oath and filing a bond of $14,000 with the Southern Surety company as surety, and designating in writing H. G. Sturgis, in Garfield county, as service agent. Thereafter he sold, through the county court in Garfield county, the land in that county for $17,900. the proceedings being conducted by Sturgis, as attorney for Howard, who was never personally in the state. The purchase price of the land was paid to Sturgis, who, after deducting the court costs and attorney fees, remitted the balance of $17,000.20 to A. J. Howard, in Iowa and California; that Howard filed no final account in the county court of Garfield county.

On May 25, 1921, the plaintiffs filed in the county court of Garfield county a petition for citation against Howard to require him to give additional security and show cause why he should not be removed as executor.

Citation was issued requiring Howard to appear to answer the petition. This was served on Sturgis as resident agent of Howard, as executor.

On May 31, 1921, the case was continued to June 8, 1921, at which time the county court entered a decree in which it found Howard indebted to the plaintiffs in the sum of $17,-000.20: that he had failed to account for said sum; that he had absconded; and removed him as executor.

The county court upon said hearing, ordered, adjudged, and decreed:

"That the said A. D. Howard as executor of the estate of P. H. Bradley, deceased, is indebted to Emma Enfield, Winona White, Otto Enfield, Iva Myer and Rosella Enfield, in the total sum of $17,000.20; coming to them as the proceeds of the executor's sale of the farm situated in Garfield county, Oklahoma, which the said A. D. Howard received and has not accounted for, and which does not include any proceeds of property situated in Iowa which was devised to these petitioners as residuary legatees, the said A. D. Howard, not appearing in response to said citation and his having filed an additional bond, and his not filing any final account, and his not paying the proceeds into the court, the court further ordered that the said A. D. Howard as the executor of the estate of P. H. Bradley estate in said court was removed and his authority was cancelled to represent the estate as executor thereof in said court thereafter."

The decisive question in this case, as we view it, is whether the district court had jurisdiction to hear and determine the matter of the liability of the defendant on the bond of the executor, in view of the fact that no final account had been filed by the executor, A. D. Howard, in the county court of Garfield county.

The trial court, in its findings of fact and conclusions of law, held that as a court of equity it had jurisdiction in the light of the facts and circumstances of the case to determine the amount due from Howard, the executor, to the residuary legatees, plaintiffs in this case, and then to render judgment on the bond.

After finding the facts, the court concluded as a matter of law:

"That it is not necessary to have a final account and final decree of settlement as a condition precedent to bringing this suit of legatees. Where the executor absconded with the funds and is beyond the jurisdiction of the county court and there being no provision for filing a final account except by the executor himself, which the law specifically makes it his duty to do, he nor his bondsmen can take advantage of his own wrong for its defense, which bond was so given to protect interested parties from such acts."

The case of Pennington et al. v. Newman.

36 Okla. 594, 129 Pac. 697, is cited in the brief of plaintiff in error as sustaining the contention that the court was without jurisdicton to render the judgment in the case at bar.

Pennington v. Newman, supra, was a suit brought in the county court for possession of certain personal property against the administrator in the same court where the estate was pending. Personal service was had upon the administrator. The administator appeared and filed pleadings and was personally in the county court. He did not file a final account although he was personally within the court's jurisdiction, and could have been brought in by attachment and compelled to file the final account. That case has no application to the facts in the case at bar.

An examination of cases cited by plaintiff in error in their very able brief shows that said cases do not rest upon said state of facts such as exist in the instant case, where the court finds, and the evidence adduced amply sustains such finding, that the executor absconded and concealed himself beyond the jurisdiction of the county court.

In the instant case the record discloses the executor, Howard, was a nonresident; that he kept out of the jurisdiction of the county court where process of attachment could not reach him. The evidence shows that he absconded and embezzled $17,000 of plaintiff's money; that he also defaulted in the matter of the Iowa estate, and that his whereabouts were unknown. When proceedings were had in the county court wherein the executor had been cited, service having been made upon the resident agent for him to file his final account, to give additional bond, and for removal from office, his agent and attorney, Sturgis, suggested the death of the executor, but the record is barren of any evidence in that regard. The record discloses that the defendant was duly notified of the hearing of June 8 in the county court.

In several decisions of this court the rule has been announced that there is no authority of law in this state authorizing any one other than the executor to file his final account in an estate case. Not even a personal representative of a deceased executor can file such. Donnell v. Dansby, 58 Okla. 165, 159 Pac. 317; Southern Surety Co. v. Jones, 90 Okla. 285, 214 Pac. 727; Title Guaranty & Surety Co. v. Burton, 67 Okla. 322, 170 Pac. 1170.

In the case of Asher v. Stull et al., 61 Okla., 320, 161 Pac. 806, it is said in the syllabus:

"Where a guardian dies, without an accounting and settlement of his affairs having been made in the county court, his ward may maintain an action in the district court against the personal representative of the sureties on his bond for an accounting and settlement.

"In such action the court has jurisdiction to adjust the account of the deceased guardian with the ward and may hear evidence and allow credits and determine the balance due, if any, by said guardian and render judgment therefor." Johnson et al. v. Henshaw, 80 Okla. 58, 193 Pac. 998; Southern Surety Co. v. Hatch, 81 Okla. 36, 196 Pac. 542.

In the case of Southern Surety Co. v. Jones, supra, it is said:

"The exact contention of the defendant, as we understand it, is that the trial court was without jurisdiction or authority to render judgment against the surety except after an accounting be first had in the guardianship matter in the district court which is in effect that a suit cannot be maintained in one district court against the sureties on a guardianship bond until there has been an accounting; that there must be a suit first for an accounting and after such suit is determined and settled, suit must be instituted in the district court against the bondsmen, meaning that two suits are necessary to accomplish what should be accomplished in one suit.

"We cannot agree with counsel in their contention or that the cases cited support such contention. We think the contrary is true in both instances."

In 24 C. J. 1086, it is said:

"Where no accounting can be had as in the case of a representative converting assets of an estate to his own use and dies insolvent in a foreign jurisdiction, the courts of equity would enforce the liability of the sureties without requiring an accounting."

The rule to be deduced from the authorities may be said to be that when no accounting can be had, as in the case of an executor converting assets of an estate to his own use, and who absconds and secrets himself beyond the jurisdiction of the court, the courts of equity would enforce the liability of the sureties without requiring an accounting.

There can be no difference in principle between the case of a guardian who dies before final accounting and that of an executor who absconds and secretes himself beyond the jurisdiction of the court authorized to compel an accounting and whose continued existence is shown only by indulging a legal presumption. If the district court has jurisdiction in the one case no good reason or sound principle is apparent which would deprive it of jurisdiction in the other. Of course, this jurisdiction in the latter case might be ousted by the surety producing its principal within the county court's jurisdiction ready and able to conform to its orders in reference to an account. To hold otherwise would open wide the door of collusion and fraud between the surety and its dishonest principal.

The legal presumption of the continued existence of a dishonest principal should not be permitted to defeat the clear legal rights of the legatees herein in behalf of a surety who vouched for his honesty and probity and obligated itself to make good his defalcation.

The trial court found that all the debts and claims against the estate had been paid, and there was due plaintiffs as proceeds of the sale of the farm in Garfield county, through the executor's sale, the sum of $17,000.20, the exact amount found by the county court in its decree of June 8 to be due the legatees, plaintiffs herein — the bond, being only for $14,000, was not sufficient to cover the default.

The second proposition discussed by counsel for plaintiff in error in their brief is to the effect that the decree entered by the county court of Garfield county on June 8, 1921, in the estate of Bradley, deceased, was void as a decree upon final settlement, and that no action can be maintained upon such decree by the residuary legatees under Bradley's will against the defendant, the surety upon the bond of Howard as executor, to recover such legacies; that the court should have sustained defendant's demurrer to plaintiffs' petition; its demurrer to plaintiffs' evidence; should have given its requested declarations of law, and should have rendered judgment for it and not for plaintiffs.

Plaintiff in error says in his brief, under this proposition:

"A decree rendered upon final settlement of an executor's account without the notice required by law having been given, is void and cannot be made the basis of an action against the surety upon the executor's bond."

Sections 1336, 1369, and 1340, Comp. Stat. 1921, are cited as being applicable to the facts in this case.

The statutes cited are to the effect that every account for the final settlement and discharge of an estate shall stand for hearing at a date to be fixed by the county judge not less than 20 days after the filing thereof, and that the account must not be allowed by the court until it is first proved

that notice has been given as required by this article, and the decree must show that such proof was made to the satisfaction of the court and its conclusive evidence of the fact.

We have examined the authorities cited and the statutes quoted and are clearly of the opinion that they are not applicable to the facts shown by this record.

The petition upon which the decree of June 8, 1921, was entered in this estate was a petition by these plaintiffs as interested parties, being residuary legatees under the will filed, for additional bond and citation was issued to the executor, served on the resident agent requiring him to appear at the time and place designated in the citation to show cause why he should not give further security.

The petition also required the executor to file his final account and to appear at a certain time to render his final account as prayed for.

The petition also was for his removal in case he did not comply with the citation.

Records were introduced in evidence showing that notice to creditors had been duly given and the four months had expired before this petition was filed. Therefore there could not have been any creditors interested as the records introduced show that even if any had existed they were barred under the statute.

We are of the opinion that the proceedings in the county court were valid and sufficient upon which to base an action upon the bond in the district court.

The third proposition stated in plaintiffs in error's brief is:

"The district court erred in allowing interest on the $14,000 from April, 1921."

The only case cited sustaining this proposition is Title Guaranty & Surety Co. v. Foster, 84 Okla. 291, 203 Pac. 240. The case cited we do not think is applicable to the facts in the case at bar in that it does not clearly appear that there was any demand made upon the surety companies by the plaintiffs, being the obligees on the bond, prior to the institution of that suit.

In the case of Thomas et al. v. Gethman, 91 Okla. 42, 215 Pac. 731, it is held that the plaintiffs are entitled to recover interest upon the penalty of the bond from the time of the breach thereof.

In the case of Burchfield v. Haffey, 34 Kan. 42, 7 Pac. 548, it is said in the syllabus:

"In an action on a penal bond interest as damages may be allowed beyond the penalty. The penalty is the limit of liability at the time of the breach of the bond. The law gives interest for the delay in payment and therefore for the misconduct of the sureties."

In Thomas v. Gethman, supra, it is said:

"Under the express provisions of section 5972, Compiled Oklahoma Statutes, 1921, plaintiff was entitled to recover interest upon the penalty of the bond from the date of the breach thereof."

And in the opinion the case of Burchfield v. Haffey, supra, is quoted with approval.

"The liability of a surety on a penal bond is not extended beyond the amount specified as a penalty, by the addition to such amount of the legal interest thereon from the date the liability occurred." Holmes, Exr. v. Standard Oil Co., 183 Ill. 70.

In view of the undisputed evidence offered in this case of the demand having been made on the date from which the trial court gave interest on the face of the bond and that the surety company neglected and refused to pay said indebtedness, we think that the findings of fact and conclusions of law with reference to said interest made by the court were correct.

As to the contention that the trial court erred in not adopting the findings of fact and declaration of law submitted by the defendant it is sufficient to say that after a careful examination of the entire record we are of the opinion that the trial court covered and considered all material matters in its findings of fact and that no error was committed in refusing to adopt the findings of fact and declarations of law submitted by the defendant.

For the reasons stated we think the judgment of the trial court should be affirmed.

On appeal to this court from a judgment of the district court of Garfield county, supersedeas bond was filed, executed by the defendant, the Southern Surety Company, as principal, and the National Surety Company, as surety, for the sum of $14,000 and six per cent. interest thereon from the 28th day of April, 1921, and costs taxed at $62 and the accruing costs as per the judgment of the trial court. No response has been made to this request.

Judgment therefore will be entered in this court against the defendant, the Southern Surety Company as principal, and the National Surety Company as surety, for the sum of $14,000 and six per cent. interest thereon from the 28th day of April, 1921, and

costs taxed at $62 and the accruing costs as per the judgment of the trial court.

By the Court: It is so ordered.