SPENCER, Adm'x, v. HAMILTON et al.

No. 20411. Opinion Filed Feb. 2, 1932.

Supplemental Opinion Filed April 12, 1932.

[redacted]

Kienzle & Hickok, W. P. Hickok, D. B. Welty, and Geo. M. Nicholson, for plaintiff in error.

Chapman & Chapman, W. L. Chapman, Swan C. Burnette, and F. H. Reily, for defendants in error.

HEFNER, J. This is an action brought in the district court of Pottawatomie county by Mrs. L. E. Spencer, as administratrix of the estate of Samuel Bailey, deceased, against B. F. Hamilton, H. T. Douglas, and others, to recover on an administrator's bond. Defendant Hamilton was formerly administrator of the estate of deceased and the other defendants are sureties on his official bond. He was removed as administrator by the county court of Pottawatomie county, and plaintiff was thereafter duly appointed administratrix in his stead. Although having been frequently cited by the county court to file his final account, he failed and refused so to do. On application of plaintiff, a hearing was had in the county court in an attempt to settle the accounts of Hamilton, and a portion of the order entered by that court is as follows:

"That judgment is therefore rendered against the said B. F. Hamilton for the sum of $138,000, and for such further amount of the said expenditures as may, upon a full hearing thereof, appear to be legal and the present administratrix is directed and authorized to bring suit against the said B. F. Hamilton and his bondsmen for such sum as may appear from an account to be due the estate of Samuel Bailey, deceased, in such courts as may have jurisdiction of said action."

Hamilton failed to comply with this order and plaintiff then brought action against him and his sureties in the district court. The case was dismissed by plaintiff before trial as to all of defendants except Hamilton and Douglas, and the trial court, on objection of those defendants to the introduction of evidence, held the petition insufficient to state a cause of action, and rendered judgment in their favor.

Plaintiff has appealed to this court and contends that the judgment is contrary to law. Defendants, in support of the judgment, argue that no cause of action can accrue on the bond of an administrator until after a final settlement and accounting in the probate court and an order by that court settling his account and a decree entered showing a balance due or some other breach of the conditions of the bond, and a failure on the part of the administrator to comply with the order. They further claim that the order relied on and pleaded by the plaintiff is not a final order or judgment settling the account and decreeing a balance due the estate. We agree with defendants that the general rule is as stated by them, and also agree that the order pleaded and relied upon by plaintiff, on account of the uncertainty thereof, does not constitute a final order or decree settling the account of the administrator and showing a balance due the estate.

In the case of Pennington v. Newman, 36 Okla. 594, 129 P. 693, it is held:

"Neither an administrator, nor the sureties on his bond, may be sued for a breach of his administrator's bond until there has been a settlement or final accounting in the (probate) county court, and a decree entered therein, showing a balance due, or some other breach of the conditions of the bond, and a failure on the part of the administrator to comply with the decree entered on the settlement or accounting."

This holding, while correct as a general rule, has its well-defined exceptions, such as where an executor has absconded and conceals himself from the jurisdiction of the court and fails to file his final account; or where a guardian or administratrix dies without an accounting and without settlement of the affairs as such representative by the county court. In such cases, a suit may be maintained in the district court for an accounting. In the case of Southern Surety Co. v. Enfield, 103 Okla. 116, 229 P. 446, it is said:

"Where an executor of an estate has absconded and concealed himself and is without the jurisdiction of the county court, and no final account has been filed by him or his resident agent and attorney, and where the county court, under appropriate proceedings, has found the amount due from the executor to the legatees, it is not necessary as a condition precedent that a final account be filed by the executor and a final decree of settlement rendered in such county court before a suit can be brought in the district court against the surety on his bond for the amount of money alleged to have been embezzled by the executor and the issues of fact tried in the district court."

Again, in the case of Donnell v. Dansby, 58 Okla. 165, 159 P. 317, this court, recognizing the exception to the general rule, said:

"Neither does the fact that the guardian's account had not been settled by the county court defeat the plaintiff's right of action. This court held in Pennington v. Newman, 36 Okla. 594, 129 P. 693, that an action would not lie against an administrator nor his sureties on his bond for a breach of the bond until there had been an accounting and settlement in the county court and a decree rendered therein, showing a balance due or a breach of some other condition of the bond, and a failure upon the part of the administrator to comply with the decree entered on the settlement or accounting. In that case, the administrator was living and was within the jurisdiction of the court and within reach of its process, while here the guardian has departed this life prior to any accounting or settlement being had. * * *

"The amount which came into the hands of the guardian is easily ascertainable, and the superior court had jurisdiction of this cause and the power to investigate and determine the balance due, if any, upon the deceased guardian's bond, and in doing so might hear evidence as to the state of his accounts with his wards, and, in order to render judgment for the balance found to be justly due, might allow the defendants to show any credit to which the deceased guardian was lawfully entitled."

See, also, Johnson v. Henshaw, 80 Okla. 58, 193 P. 198; Title Guaranty Co. v. Burton, 67 Okla. 320, 170 P. 1170; Asher v. Stull, 61 Okla. 320, 161 P. 800; and Southern Surety Co. v. Hatch, 81 Okla. 36, 196 P. 542.

In the case at bar it is true that the administrator was within the jurisdiction of the court, but, after he had been cited several times to file a final report, he refused so to do, and no report was ever filed by him. When he, after having been cited to file his final report, refused to do so and had been removed as such administrator, we think the representative of the estate could maintain an action in the district court against him and his bondsmen for an accounting, and that such court, after hearing the evidence, could render such judgment as to it seemed just and proper.

Defendants urge that plaintiff has failed to exhaust her legal remedies and that the district court, therefore, has no jurisdiction to entertain an action in equity for an accounting. It is contended that under the authority of sections 1329 and 1330, C. O. S. 1921, the court must compel the rendering of the account by attachment. Under these sections, under certain conditions, an attachment may be issued, but even if the court issued an attachment, the administrator could still refuse to file his account. Not only could he refuse, but he could delay the matter in different ways, and especially by an appeal from the judgment or order of the court. To hold that plaintiff was compelled to delay the action on the accounting feature until the outcome of an attachment proceeding was determined might delay the accounting for years. It is often necessary that an accounting be had promptly, and, as a rule, should be had promptly. The statutes above clearly make it the duty of the administrator to render a full account and report of his administration of the estate, and when he refuses so to do, after the county court has ordered him to file his report, we think an action may be brought at once in the district court for an accounting where a speedy hearing and final determination may be had.

The petition does not allege that the administrator refused to file a final report, although demanded so to do by the county court. We think the cause should be remanded and, upon remand, the petition should be amended, if so desired by counsel or if so ordered by the trial court. We do not think the judgment entered in the county court is definite and certain and for that reason it is not binding on the defendants herein. On remand, in order that no injustice be done either party, a complete

accounting should be had and all just debts and credits should be allowed and such jugment rendered as to the trial court may seem just and proper.

Reversed and remanded.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., and McNEILL, J., absent.

---

KORNEGAY, J. (concurring). I concur in the conclusions here reached. The object of requiring a bond for an administrator is to secure the faithful performance of duty. The main duty is to preserve the assets of the estate, and to distribute them to the persons entitled. These are creditors, as well as heirs or legatees. Under the early rules and some cases, an administrator succeeding another administrator could not sue his predecessor on his bond. Years ago that was changed by statutes. We have such a statute, viz., section 1202, C. O. S. 1921, as follows:

"1202. Action Against Predecessor. An administrator may, in his own name, for the use and benefit of all parties interested in the estate, maintain actions on the bond of an executor, or of any former administrator of the same estate."

In this case, the first administrator ignored the actions of the county court. Under the statute, suit was allowable. There are times when the equity powers of the district court are better adapted to the proper disposition of matters in probate than the limited powers of the county court. In this case, the succeeding administrator, in my view, has a right to sue his predecessor, or the bondsmen of his predecessor, to recover for assets wasted. The court below denied this right. It refused to allow evidence to be introduced. Its action should be reversed.

---

### Supplemental Opinion.

PER CURIAM. This cause was submitted on February 2, 1932, and opinion rendered and filed on February 23, 1932. On March 8, 1932, and prior to the issuance of mandate, plaintiffs in error filed motion to recall and refile the opinion as of the date of submission, on account of the death of B. F. Hamilton, one of the defendants in error, on the 11th day of February, 1932. The death of said defendant in error has been suggested to this court for the first time and, shown to have occurred after the submission of the cause, and before the approval of the opinion by the court. While the fact of said death between the submission and decision does not impair the validity of the judgment, in order to preserve all rights thereunder, said decision and opinion filed herein February 23, 1932, is hereby recalled and set aside, and the Clerk of this Court is directed to refile said opinion and enter the judgment of this court in this cause nunc pro tunc, as of February 2, 1932, the date when said cause was submitted. Bell v. Bell, 181 U. S. 179, 45 L. Ed. 804; Goldsborough v. Hewitt, 26 Okla. 859, 110 P. 906; Kaw Boiler Works v. Frymyer, 105 Okla. 177, 231 P. 1059.

It is so ordered.