ANDERSON et al. v. TALLEY, Adm'r.

No. 32814.   Sept. 30, 1947.

Rehearing Denied Nov. 18, 1947.

Supplemental Opinion Dec. 9, 1947.

*187 P. 2d 206.*

Rainey, Flynn, Green & Anderson, of Oklahoma City, and Holtzendorff & Holtzendorff, of Claremore, for plaintiffs in error.

492

Chas. W. Pennell, of Bartlesville, for defendant in error.

WELCH, J. This is an action by Pearl Talley, administratrix of the estate of Loduskie Burt, deceased, against M. O. Anderson and H. G. Wheat to cancel an oil and gas lease and for damages.

Plaintiff's petition alleges that on March 17, 1938, Loduskie Burt executed an oil and gas lease to a certain described 90-acre tract of land for a term of one year and as long as oil and gas is produced from the land; that the lease contained this further provision:

"It is agreed that a well shall be started by July 1, and four wells be drilled within twelve months if oil is found in paying quantities, or this lease to become void."

That defendants, as lessees, entered upon the premises and drilled two wells, one of which produced oil; that the lease has become void for the reason that four wells were not drilled within the term provided in the lease; that there are producing offset wells to said land and that said land is being drained; that the estate has been damaged by the drainage from offset wells by defendants' refusal to release and cancel said lease.

Plaintiff prayed for cancellation of the lease and for damages.

Defendants in answer to plaintiff's petition allege that prior to July 1, 1938, they drilled a producing well on the premises from which royalties have since been regularly paid and received, that during the year 1939 they drilled another well which was nonproductive and dry; that after the dry hole was drilled Mrs. Burt, by her act and conduct, waived the provision in the lease concerning further drilling; that defendants as soon as they learned that producing wells had been drilled on lands adjoining the leased premises began preparation to drill offset wells and would have drilled said offset wells but

for the institution of this action; that they have not damaged plaintiff.

Judgment was entered for the cancellation of the lease except as to a particular 10-acre tract upon which defendant had drilled a producing well. The court made a finding that the defendants had abandoned the lease except as to said ten acres. Money damages were denied.

Defendants assign error and present argument on these propositions:

"There has been no abandonment of the lease.

"The essential elements necessary to constitute a forfeiture for breach of implied covenant to develop are completely lacking in his case since no demand to further develop within a reasonable time was made upon the lessees."

Plaintiff on cross-petition in error presents arguments on these assignments:

"The court erred in not rendering judgment for the defendant in error for damages against the plaintiff in error in the amount of $1,000 for neglecting, failing, and refusing to release the oil and gas lease.

"The court erred in not rendering its judgment for the defendant in error, cancelling the oil and gas lease on the 10 acres."

Plaintiff's brief in answer to the propositions and argument submitted by defendants states that there was no issue in the case concerning abandonment or forfeiture for violation of an implied covenant; that the decisive issue is plaintiff's right to cancellation for violation of a specific covenant in the lease. In the answer brief argument is presented in the positive in support of the second proposition set out in the brief on cross-petition in error.

Defendants in reply brief present argument that if they violated a covenant to drill at a particular time, that the breach was waived.

Plaintiff made no claim of right to a forefeiture for breach of an implied covenant and that question will not be herein discussed.

The lease in question was executed in 1938 and contained no provision for an extension of its terms by payment of rentals. In reference to its term the lease contained these provisions:

"It is agreed that this lease shall remain in force for a term of one year from date, and as long thereafter as oil or gas, or either of them, is produced from said land by the lessee . . .

"It is agreed that a well shall be started by July 1, and four wells be drilled in 12 months if oil is found in paying quantities or this lease shall be void."

The recited consideration to the lessor was the sum of $20 and the covenants and agreements to be kept and performed by the lessee.

It is undisputed that a well was started by July 1st and became a producing well; that another well was drilled which proved non-productive, and that more than 12 months elapsed since production was found and since these wells were drilled and no other wells were started or drilled; that defendants ran oil from the producing well at intermittent periods during a number of years preceding the death of the lessor in February, 1945; that royalty payments were paid on such oil runs to as late as March, 1944; that oil runs were made from the premises from June, 1945, to November, 1945, from which royalty payments are being held by the oil purchasing company.

There was no evidence that the defendants expressed any intention of abandoning any portion of the leased premises, but if it be said that their failure to drill showed an intention to abandon a portion of the leasehold, nevertheless, without physical relinquishment thereof, the doctrine of abandonment could not be applied. Doss Oil Royalty Co. v. Texas Co., 192 Okla. 359, 137 P. 934; Skelly Oil Co. v.

Boles, 193 Okla. 308, 142 P. 2d 969; Magnolia Pet. Co. v. St. Louis-San Francisco Ry Co., 194 Okla. 435, 152 P. 2d 367; Magnolia Pet. Co. v. Vaughn, 195 Okla. 662, 161 P. 2d 762, and Gibson & Jennings, Inc., v. Amos Drilling Co. et al., 196 Okla. 143, 162 P. 2d 1002.

The rule applicable herein is stated in the above last mentioned case in the third paragraph of the syllabus:

"Nondevelopment of a portion of a lease, unaccompanied by physical relinquishment, is not sufficient to constitute abandonment. Doss Oil Royalty Co. v. Texas Co., 192 Okla. 359, 137 P. 2d. 934."

Plaintiff contends the lease of the entire 90 acres should have been canceled because of defendants' breach of the specific covenant to drill four wells.

It has been held that because of the peculiar nature of oil and gas, and the danger of loss to the owner from drainage by surrounding wells, that oil and gas leases are to be construed most strongly against the lessee and in favor of the lessor. Superior Oil Co. v. Mehlin, 25 Okla. 809, 108 P. 545; Frank Oil Co. v. Belleview Gas & Oil Co. et al., 29 Okla. 719, 119 P. 260; Paraffine Oil Co. et al. v. Cruce et al., 63 Okla. 95, 162 P. 716, 14 A.L.R. 952.

Treating the provision which refers to the drilling of four wells as being unambiguous, or construing the lease in a light most favorable to the lessor, there can be no doubt that the covenant was breached twelve months after July 1, 1938, or at most twelve months after oil was found in paying quantities, which under the evidence was not later than 1940.

It was shown by the evidence that the lessor carried on a correspondence with lessee through her son-in-law and daughter. It was shown by the letters introduced in evidence that the lessor in 1942 had been receiving royalty from the producing well; that she had knowledge that the covenant to drill other wells had been breached, and that she

nevertheless expected the lessees to continue to operate the producing well; that she had reason to believe that the lessees were making expenditures to keep the well producing; that she received royalty payments in 1943 and 1944 under the terms of the lease.

By the receipt of the payments, the lessor clearly and definitely recognized the existence of the lease long after the breach. We conclude that the lessor waived the breach of the lease which the lessees had committed and that plaintiff is not entitled to cancellation of the lease therefor.

The plaintiff not showing herself entitled to cancellation of the lease cannot complain that defendants refused to release the same.

The judgment refusing damages is affirmed.

The judgment in so far as it cancels the lease as to a part of the leased premises is reversed.

DAVISON, V.C.J., and BAYLESS, CORN, GIBSON, and LUTTRELL, JJ., concur. HURST, C.J., and RILEY, J., dissent.

---

Supplemental Opinion.

WELCH, J. This cause was submitted September 30, 1947. An opinion was rendered and filed October 28, 1947.

The death of M. O. Anderson, one of the plaintiffs in error has been suggested to this court and shown to have occurred after the submission of the cause and before the approval of the opinion by the court. While the fact of said death between the submission and decision does not impair the validity of the judgment, in order to preserve all rights thereunder the decision and opinion filed October 28, 1947, is recalled, set aside, and the Clerk of this court is directed to refile the opinion and enter the judgment of this court in this cause nunc pro tunc as of September 30, 1947, the date said cause was submitted. Spencer v. Hamilton, 156 Okla. 194, 13 P. 2d 81.

It is so ordered.