**HOWARD v. JEFFREY et al.**
No. 35902.

Supreme Court of Oklahoma.
Dec. 22, 1953.
Rehearing Denied April 13, 1954.

Van Cleve & Thomas, Harley W. Van Cleave, Raymond B. Thomas and Charles C. Liebler, Tulsa, for plaintiff in error.

Bulla & Meister, Merton M. Bulla, Mark G. Meister, Oklahoma City, for defendants in error.

A. L. Jeffrey, Oklahoma City, pro se.

WILLIAMS, Justice.

The facts giving rise to this cause of action, as alleged in plaintiff's amended petition, are as follows:

In October, 1922, Mirtie Howard was appointed administratrix of the estate of William H. Howard, deceased. She executed an administrator's bond in the amount of $16,000, one of the sureties being A. W. Lucas. She served as such administratrix till the date of her death in July, 1925; no successor was appointed till September, 1951, when Samuel Howard was appointed administrator of the estate of William H. Howard. It was alleged that Mirtie Howard never filed an inventory of the estate and did not account for any of the assets of the estate to any of the heirs or creditors; that when she was appointed administratrix, the assets of the estate consisted of described property of a value of $13,500; that when the successor administrator was appointed, there were no assets available belonging to the estate.

A. L. Jeffrey, Administrator of the Estate of A. W. Lucas, deceased, was the only defendant named in the amended petition and appearing in the case.

Petition in the case at hand was filed in 1951; plaintiff is Samuel Howard, as administrator of the estate of William H. Howard, and, on the basis of the above allegations, he prayed for a recovery of $13,500 from A. L. Jeffrey as administrator of the estate of A. W. Lucas, deceased, said Lucas having been one of the sureties on the bond executed by Mirtie Howard.

Defendant's demurrer to the petition was sustained and cause dismissed, and plaintiff has appealed to this court.

■■ It is well settled that a general demurrer to a petition admits all facts well pleaded (Hughes v. Martin, 81 Okl. 89, 196 P. 951) and that a general demurrer raises the defense of limitations when the petition shows on its face that the cause is barred by limitations. Tiger v. Brown, 130 Okl. 83, 265 P. 124.

■ In support of the order sustaining the demurrer, defendant argues that the petition shows on its face that the cause is barred by limitations pursuant to 12 O.S. 1951 § 95, subd. 5, which provides that an action upon an official bond of an administrator "can only be brought within five years after the cause of action shall have

accrued." Plaintiff argues that the cause of action did not accrue until September of 1951, when he was appointed successor-administrator. The determining question in this case, then, with respect to limitations, is when the cause of action accrued against the administratrix (and therefore her sureties).

■ The general rule is that before an action can be maintained on an administrator's bond, there must have been an adjustment of his accounts by the probate court and a finding that a balance is due, or some other finding of a breach of the conditions of the bond. See Pennington v. Newman, 36 Okl. 594, 129 P. 693; Spencer v. Hamilton, 156 Okl. 194, 13 P.2d 81, 82. However, there are exceptions to this rule, as pointed out in Spencer v. Hamilton, supra, which was an action to recover upon an administrator's bond, wherein the court said in the body of the opinion:

"This holding, while correct as a general rule, has its well-defined exceptions, such as where an executor has absconded and conceals himself from the jurisdiction of the court and fails to file his final account, *or where a guardian or administratrix dies without an accounting* and without settlement of the affairs as such representative by the county court. In such cases, a suit may be maintained in the district court for an accounting. * * *" (Emphasis supplied.)

An analogous situation was considered by this court in Donnell v. Dansby, 58 Okl. 165, 159 P. 317. In that case this court considered a situation in which a guardian had died before making an accounting and settlement of his affairs as such guardian; thereafter his former wards brought suit in the district court against his personal representatives and sureties. The court said:

"Where a guardian dies without an accounting and settlement of his af-

fairs as guardian having been made in the county court, his former wards may maintain an action in the superior or district court against his personal representatives and the sureties on his bond as guardian for such accounting and settlement."

See Southern Surety Co. v. Enfield, 103 Okl. 116, 229 P. 446, wherein certain devisees sued upon an executor's bond before there had been an accounting by the executor, the executor having absconded.

See also 34 C.J.S., Executors and Administrators, § 977, which reads in part:

"If all conditions precedent have been complied with, an action on an administration bond may be brought as soon as there has been a breach thereof."

The question of conditions precedent is not here involved; under the above quoted rules, no final accounting was required as a condition precedent to suit.

The petition in the case at hand does not show exactly when the conditions of the bond were breached; however, under the pleadings in this case, it surely was not after the death of the administratrix, Mirtie Howard. We therefore hold that an action could have been brought against the estate of Mirtie Howard, deceased, and, therefore, the sureties on the bond immediately after the death of Mirtie Howard, in 1925; since the cause of action arose, and could have been brought, in 1925, it has been barred since 1930 by the five year statute of limitations found in 12 O.S.1951 § 95, subd. 5. No tolling of the statute is here pleaded.

The judgment of the trial court is affirmed.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON and O'NEAL, JJ., concur.

BLACKBIRD, J., dissents.