## McKEE, Ex'x, v. GRIMM et al.

No. 15197—Opinion Filed May 26, 1925.

Rehearing Denied July 14, 1925.

1. **Oil and Gas—Lease—Construction—Non-liability of Lessee for Delay Rentals After Surrendering Lease.**

Where an oil and gas lease provides that

the lessee shall complete a well within a certain time, or thereafter pay delay rentals, such provision is for the benefit of the lessor (so held in McKee v. Grimm et al., 57 Okla. 680, 157 Pac. 308, on the former appeal); but where such lease also provides that upon payment of one dollar and surrender of the lease for cancellation the lessee may relieve himself from further liability under the lease, such provision is for the benefit of the lessee; and where a well has not been completed nor rentals paid, and suit is brought by the lessor for unpaid rentals, and in the answer of the lessee he offers and tenders a surrender of the lease for cancellation, in substantial compliance with the said provision of the lease, such tender will be given effect to end further liability upon the part of the lessee under the lease.

## 2. Same—Judgment Sustained.

Record examined, and held to support the judgment.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Creek County; John L. Norman, Judge.

Action by Cora B. McKee, executrix of the estate of James G. Unger, deceased, against D. L. Grimm, W. C. Hoover, and H. H. Johnson. From the judgment the plaintiff appeals. Affirmed.

Walker & Lee, for plaintiff in error.

Hughes & Foster, for defendants in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the plaintiff below, and the defendants in error were the defendants. The parties will be designated herein as plaintiff and defendants, as they appeared in the trial court.

The suit was filed September 28, 1912. The allegations of the petition are to the effect that plaintiff is the duly appointed, qualified and acting legal representative of James Unger, deceased. That plaintiff's deceased made a contract with the defendants, dated November 6, 1909, by which he granted an oil and gas lease on a certain 80 acres of land to defendants for a term of ten years; that a condition of the contract was that defendants should complete a well upon the leased premises within six months or pay a delay rental of $20 per month during the life of the lease, or until such well is completed; that no well had been completed and 29 monthly rental payments had accrued, amounting to $580; but none of them had been paid, and interest had accrued on the monthly rentals amounting to $42.70, making an aggregate of $622.70, for

which judgment is prayed, with interest at 6% per annum from and after the date the suit was filed. A copy of the lease contract is attached to the pleading as an exhibit.

The defendants answered on the 17th of February, 1913, by general denial except as to matters admitted, and admitted the making of the contract, that no well had been drilled nor rentals paid; and alleged that they never entered upon the lease, but abandoned it before the expiration of the six months in which they were to complete the well; and in the spring of 1911 offered to release the lease; that no demand for rentals had been made, and the lease had been abandoned. That a condition of the contract was that upon payment of one dollar to the grantor, or his successor, they could surrender the lease for cancellation and end all liability, but the consideration therefor was nominal and could be and was waived by the grantor. And for further answer and prayer the defendants state:

"And now having fully answered these defendants tender into court any writing the court may deem proper to clear the record of the said lease and ask that plaintiff take nothing by her suit and these defendants be hence dismissed with their reasonable costs in this behalf expended."

The plaintiff replied by general denial. Upon the issues so made the cause was tried to a jury, and at the close of the evidence the court instructed a verdict for defendants. This action of the court was on the theory that the lease had been abandoned by the lessees, to which the lessor or his representative had assented. The plaintiff appealed and the cause was reversed because there was no testimony to support the defense tendered, and the cause remanded for further proceedings. The cause is reported in 57 Okla. 680, 157 Pac. 308, as McKee v. Grimm et al.

The cause was called for trial the second time on the 2nd of October, 1923, and a jury empaneled and the cause tried upon the pleadings above recited. At the close of the evidence and by agreement of the parties the jury was discharged and the cause submitted to the court. Upon consideration the court found that the plaintiff was entitled to recover rentals at the rate of $20 per month from the 6th of May, 1910 (beginning six months from the date of the lease), until the 17th of February, 1913, the date on which the defendants filed their answer, the sum of $680, with accrued interest at the rate of 6% per annum, the sum of $491.16, principal and in-

terest aggregating $1,171.16. The court further found that the plaintiff was not entitled to rentals beyond the date the defendants had filed their answer in effect tendering a release of the grant contained in the oil and gas lease, and held that the tender of release in the action was sufficient compliance with the provisions of the lease, which provided for a release and cancellation of the lease and termination of the defendants' liability for rentals. Judgment was entered accordingly in favor of the plaintiff and against the defendants for the sum named. The plaintiff excepted to the findings, decision, and judgment, and from the judgment prosecutes an appeal. While the judgment is in favor of the plaintiff, she insists that it is not big enough; that she is entitled to the rentals at the rate of $20 per month during the life of the lease. after the expiration of the first six months, or, in other words, the judgment of the court should have been for $20 per month for nine years and six months, or the sum of $2,820, with accrued interest at 6% per annum.

The plaintiff presents many errors, but the one question to be examined is whether or not the trial court erred in holding that the tender of a release of the grant in the answer was sufficient to release defendants from further obligation to pay rentals. It seems to be certain that the defendants had abandoned the lease before the expiration of the first six months, the period of time within which they were to complete a well or thereafter pay rentals at the rate of $20 per month. No well was begun and the defendants never, at any time, exercised any rights over the property or in any way interfered with the plaintiff's possession of the property. In the former appeal this court held, in effect. that the agreement in the lease to pay rentals was for the benefit of the lessor, and that he had a right. upon the nonpayment of rentals, to forfeit and cancel the lease or enforce the payment of rentals until the lease was canceled, or until the end of the term. In the lease is this provision:

"It is agreed * * * and further upon payment of One (1.00) Dollar at any time by the party of the second part, their successors or assigns to the party of the first part his heirs or assigns said party of the second part their successors or assigns shall have the right to surrender this grant for cancellation after which all payments and liabilities thereafter to accrue under and by virtue of its terms shall cease and determine and this grant become absolutely null and void."

The agreement to pay the rentals was for the benefit of the lessor, as held by the court on the former appeal, but the above quoted provision was for the benefit of the lessee, and had they taken advantage of it at the end of the six months period by filing a release or by a surrender of the lease for cancellation, and by payment of $1, they could have freed themselves from any obligation to pay rentals. This, however, was not done; but the defendants relied upon an alleged understanding and agreement with the lessor to abandon the lease, but upon the trial they were unable to establish by their evidence that such understanding and agreement was ever entered into, as was held in the former appeal. In the answer filed on the 17th of February, 1913, the defendants tendered either a cancellation and surrender of the agreement, or a clearing of the plaintiff's record title, so far as the lease was concerned. by giving any character of writing the court should determine would clear the title. The tender in the answer had the effect of being an offer to surrender this lease for cancellation; and that was what was provided in the contract. The plaintiff did not see fit to accept such surrender of the lease, but stood upon her supposed right to enforce the payment of the rentals for the entire term of the lease.

It seems certain that under the terms of the lease the lessees might have, at any time, ended their liability for rentals by tendering $1 and the lease with any instrument executed by them signifying their purpose to clear plaintiff's title of the grant contained in the lease. Failing in this they had incurred legal liability to pay rentals. But they substantially offered a surrender and cancellation of the lease in their answer. The offer to surrender and cancel the lease was refused in the pleadings and evidence of the plaintiff, or at least, such is the effect of the pleading and proof.

We think the offer to clear the record of the lease, made in the answer, was sufficient to surrender the lease for cancellation in conformity with the provisions of the contract above quoted.

The judgment rendered by the trial court gave the plaintiff all she was entitled to under the pleadings and proof. It was not error to refuse the plaintiff judgment for rentals beyond the date when the defendants offered a surrender and cancellation of the grant contained in the lease as they did in their answer. The defendants are not complaining of the judgment, although it seems to be plain upon the record

that it, in effect, penalizes them for failure to tender $1, the lease, or a duly executed release to plaintiff at the end of the six months period, rather than to require them to pay money for any benefit received by them or rights surrendered by the plaintiff.

The judgment of the trial court is correct. We recommend that it be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 743 (1926 Anno).