## DIXON v. MAPES et al.

No. 27650.   Nov. 16, 1937.

Rehearing Denied Dec. 7, 1937.

Erwin & Erwin, for plaintiff in error.

H. M. Jarrett, for defendants in error.

BAYLESS, V. C. J.   This is an appeal from the district court of Lincoln county, Okla. Amanda V. Dixon, formerly Amanda Clark, complains of the action of said court in sustaining the demurrer of U. G. Mapes et al. to her petition.

John W. Stone, a widower, died testate and survived by five children—parties to this action. His will was admitted to probate, and contained the following language:

"All receipts from oil, gas or other minerals shall be divided equally among my heirs, except rentals from oil and gas lease which shall be paid to Amanda Clark."

The estate was distributed by order of the county court, in pursuance of the will, and the decree of distribution reads in part:

"All receipts from oil, gas or other minerals shall be equally divided between said children of deceased, above named, except rentals from oil and gas leases which shall be paid to said Amanda Clark."

It is proper to say here that under the will, and the decree of distribution, the land was to be held intact and unsold for a period of ten years following the death of the testator, and at the time this action arose that period had not expired.

The parties to this action joined in the giving of a lease on this land for oil, gas, and mineral purposes. They received as a consideration therefor $11.50 per acre, and the lease provided for rental or delay development payments of $70 per year—that is, $1 per acre. The defendants took the position that the $11.50 per acre received at the giving of the lease constituted "receipts from oil, gas or other minerals", and was to be divided among the devisees equally, and that it was the rentals or delay development money, to be received thereafter, that plaintiff was entitled to have in full. The plaintiff contends that said $11.50 per acre is a rental, and all of it belongs to her.

The parties agree that the sum paid at the giving of the lease was what is known as a bonus. The parties agree that three items of receipt usually follow from the lease contract—bonus, rentals, and royalty. Each of these have well defined and understood meaning. Carroll v. Bowen, 180 Okla. 215, 68 P. (2d) 773, contains definitions of each of these elements. See, also, the cases cited therein. See, also, Carter v. Rector, 88 Okla. 12, 210 P. 1035; McKee v. Guinn, 111 Okla. 24, 238 P. 835 (cited in 40 C. J. 1071, sec. 688). We do not believe the parties disagree on these definitions.

A royalty is an agreed return paid for the oil, gas, and minerals, or either of them, reduced to possession and taken from the lease premises. Breeding v. Ritterhoff, 126 Okla. 225, 259 P. 227; Carroll v. Bowen, supra. Under these definitions a royalty does not include bonus or rentals. We said in Aldridge v. Houston Oil Co., 116 Okla. 281, 244 P. 782, the following:

"When production is reached, the fee is impaired and diminished to the extent of the value of the oil or gas which is brought to the surface and reduced to possession. This would not be income, but a conversion of the fee pro tanto, or, as expressed at common law, waste, which is a right prohibited to a life tenant. Rupel v. Ohio Oil Co., 176 Ind. 4, 95 N. E. 225, Ann. Cas. 1913E, 836; Marshall v. Mellon, 179 Pa. 371, 36 A. 201, 35 L. R. A. 816, 57 Am. St. Rep. 601; Williamson v. Jones, 43 W. Va. 562, 27 S. E. 411, 38 L. R. A. 694, 64 Am. St. Rep. 891.

In Thornton's Law of Oil and Gas, p. 688, sec. 253, the author says:

"'* * * Care must be taken to distinguish between rent and royalty in connection with gas and oil leases. Rent ·is the term applied to the privilege given to bore for gas and oil and for delay in beginning operation; while royalty is a certain percentage of the oil after it is found, or so much per gas well developed.'"

We do not understand the parties to disagree upon a division of the royalty, if and when a royalty becomes payable. We do not understand that either party considered the bonus paid to be royalty. All of them agree that it is a part of the income or receipts usually arising from the leasing of land for oil, gas, or mineral purposes. The plaintiff contends that this is a bonus, as synonymous with, and a part of, the rentals from a lease. The defendants assert that a bonus is as distinctly different from a rental as it is from a royalty, and that under the terms of the will, and the order of the distribution, the plaintiff is entitled to the rentals only, and all of the heirs are entitled to have the bonus and royalty divided.

While a bonus (Carter v. Rector, supra) and a rent, 40 C. J. 1071, supra, have a distinct meaning, it does not follow that they do not coexist, nor that they do not sometimes constitute an inseparable sum. Northwestern O. & G. Co. v. Branine, 71 Okla. 107, 175 P. 533.

We are called upon to construe the intention of the testator by the language contained in the will.

A study of the will convinces us that it was not drawn by one familiar with or skilled in the use of technical terms used in the oil and gas industry, and nicety of distinction was not sought or obtained in technical verbiage.

The two phrases making up the sentences can be separated and contrasted, the first phrase:

"All receipts from oil, gas and minerals shall be divided equally among my heirs. * * *"

The second phrase:

"except rentals from oil and gas leases which shall be paid to Amanda Clark."

It is not a narrow or illogical interpretation of this language to say that the first phrase relates to receipts in the nature of royalties—that is, the sale of oil and gas or minerals reduced to possession. The language used is limited to those items specifically, and does not include the term "rights", which has a definite meaning in the industry. The second phrase covers what is usually denominated as "rights", that is, the privileges conferred by a lease to prospect for oil, gas, or minerals; therefore, it appears from the language actually used that the testator had in mind a distinct scheme covering royalty on the one hand, and on the other hand income arising from the lease itself.

In addition to this, a study of the scheme of disposition set out by the testator indicates that he had a desire to provide an income for Amanda Clark. Earlier in the will he directed that she have the agricultural rentals from the land after the payment of taxes. Later he gave her, also, the rental income from the oil and gas lease. To us this evinces an intention to provide Amanda Clark an income during the period when the heirs were forbidden to sell the land. The extra precaution is not shown as to any other heir.

Therefore, in interpreting the language used, and considering the testator's marked desire to provide an income for Amanda, we hold that within the purview of this will bonus is rental.

This controversy arises upon the face of the plaintiff's petition as tested by the demurrer of the defendants.

The judgment is reversed.

OSBORN, C. J., and PHELPS, CORN, and GIBSON, JJ., concur.