2010 OK CIV APP 90

**J. Lynn BOCK, et al.,**
**Plaintiffs/Appellees,**

v.

**Robert E. SLATER, Jr., et al.,**
**Defendants/Appellants,**

and

**Woodward Hotel Corporation, An Oklahoma Corporation d/b/a Northwest Inn of Woodward, Oklahoma, et al., Nominal Defendants/Appellants,**

and

**Charlotteville Hotel Corporation, an Oklahoma Corporation, et al., Nominal Defendants.**

**Nos. 107,562, 107,566.**

Court of Civil Appeals of Oklahoma, Division No. 4.

May 24, 2010.

Rehearing Denied June 25, 2010.

Certiorari Withdrawn Sept. 20, 2010.

Debra McCormick, Eugene K. Bertman, Rubenstein, McCormick & Pitts, Edmond, OK, Patricia A. Kirch, Oklahoma City, OK, for Plaintiffs/Appellees.

Mack J. Morgan, III, Harvey D. Ellis, Charles B. Goodwin, Crowe & Dunlevy, Oklahoma City, OK, for Defendants/Appellants.

Warren F. Bickford, John B. Heatly, Fellers, Snider, Blankenship, Bailey & Tippens, P.C., Oklahoma City, OK, for Nominal Defendants/Appellants.

DOUG GABBARD II, Presiding Judge.

¶1 This is one in a series of appeals stemming from a shareholders' derivative action. This appeal concerns the trial court's denial of a motion to cancel notices of lis pendens. We affirm in part, reverse in part, and remand with directions.

## BACKGROUND

¶2 Plaintiffs are investors in a plan to purchase and renovate "distressed" hotels across the country. Defendants are Robert Slater, the creator and organizer of the plan, his wife Sylvia Slater, and Southern Hospitality, Inc., his management company. Nominal Defendants/Appellants (collectively, Hotels) are various business entities owning two hotels in Woodward, Oklahoma (Woodward Hotel), and Cocoa Beach, Florida (Cocoa Beach Hotel). These two hotels are the only remaining assets of the plan. Defendants are the managing members or general partners in Hotels, while Plaintiffs are minority shareholders or limited partners.[1]

¶3 In 2007, Plaintiffs filed a shareholders' derivative action, asserting that Defendants had wrongfully diverted more than $5 million from the hotels over an eight-year period and had misappropriated the hotels' assets for personal gain. Plaintiffs sought damages, rescission of hotel management contracts, an accounting, the imposition of a constructive trust,[2] the appointment of a receiver, and an injunction preventing further alleged misappropriation, waste, and abuse of remaining assets.[3]

¶4 After Plaintiffs filed their petition, they filed a notice of lis pendens against the Woodward Hotel property. In May 2008, Defendants negotiated a sale of the Cocoa Beach Hotel, and Plaintiffs filed a notice of lis pendens against that property. Defendants then moved to cancel both lis pendens, asserting that Plaintiffs' lawsuit did not "involve or affect the real property" described in the lis pendens, that the Cocoa Beach property was not within the jurisdiction of the court, and that the lis pendens were without legal basis and contrary to equity. The trial court cancelled the lis pendens, and Plaintiffs appealed.

¶5 In Appeal No. 105,763 (mandate issued November 13, 2008), Division I of this Court reversed and remanded the case with directions to rehear Defendants' motion with an emphasis on two issues: (1) whether real property was involved in the action and affected by it; and (2) whether the equities of the case were balanced more in favor of Plaintiffs or Defendants.[4]

---

1. The caption of the trial court order does not list all the plaintiffs, defendants, or nominal defendants, but instead uses the designation *"et al."* The petition in error purports to list all the parties, as well as a number of other nominal defendants not party to this appeal.

2. Plaintiff's claim for a constructive trust was dismissed prior to the filing of this appeal.

3. A good deal of litigation has followed the filing of the action. For example, last year, in appeal No. 106,802, this Court affirmed the trial court's appointment of a permanent receiver for Hotels.

4. The parties have put different "spins" on the meaning of Division I's opinion. Plaintiffs seek to limit the appeal by excluding issues decided in that opinion, and Hotels assert the trial court failed to follow the opinion's "mandate" on remand. After reviewing the opinion and the record below, we conclude that the arguments raised by Defendants and Hotels were not re-

¶ 6 On remand, evidence was introduced which indicated that Defendants owned 60% of the stock of the corporation that owned the Woodward Hotel, and, therefore, could convey the hotel property. However, conflicting evidence was presented regarding whether Defendants had the power to convey or encumber the Cocoa Beach Hotel. Conflicting evidence also was presented regarding whether the failure of a proposed $19 million sale of the Cocoa Beach Hotel was caused by the lis pendens or by other factors.

¶ 7 The trial court resolved the two issues raised by Division I's opinion in favor of Plaintiffs. In a letter opinion, the trial court concluded that: (1) real property is involved in this action because Defendants have the power to convey and encumber the real property; and (2) the equities are in favor of Plaintiffs. Regarding the latter finding, the trial court noted that a receivership had been necessary due to the actions of Slater, that "Slater disregarded the Court's Order appointing a receiver and continued to be actively involved in the potential sale of the Cocoa Beach Hotel," and that "Defendant did not disclose the full details of the proposed sale of the Cocoa Beach Hotel when obtaining their [limited partners'] approval of the sale (i.e., that $2 million of the sale proceeds would be utilized to pay off a debt of an unrelated limited partnership which Defendant Slater guaranteed)." The trial court subsequently issued an order denying Defendants' motion to cancel the lis pendens notices. Defendants and Hotels appeal.

## STANDARD OF REVIEW

¶ 8 To the extent this appeal involves interpretation of the lis pendens statute, it presents a question of law, and the trial court's interpretation is subject to *de novo* review. *See Casey v. Casey,* 2005 OK 13, ¶ 7, 109 P.3d 345, 348. However, the trial court's decision whether to cancel the lis pendens must be based on a balancing of the equities, and it will be affirmed unless its decision is against the weight of the evidence, is contrary to law, or is a clear abuse of discretion. *See Rush v. In re Application for Appointment of Trustee for the Purpose of Securing an Oil & Gas*

*Lease,* 1995 OK CIV APP 71, ¶ 2, 897 P.2d 1150, 1151.

## ANALYSIS

¶ 9 Oklahoma's lis pendens statute is found at 12 O.S.2001 § 2004.2, and states in relevant part:

A. Upon the filing of a petition, the action is pending so as to charge third persons with notice of its pendency. While an action is pending, no third person shall acquire an interest in the subject matter of the suit as against the prevailing party's title; except that:

1. As to actions in either state or federal court *involving real property,* such notice shall be effective from and after the time that a notice of pendency of action, identifying the case and the court in which it is pending and giving the legal description of the *land affected by the action,* is filed of record in the office of the county clerk of the county wherein the land is situated[.] (Emphasis added.)

¶ 10 As noted by the language emphasized above, lis pendens may only be applied in actions directly involving or affecting real property. However, even when a lawsuit directly involves or affects realty, the use of lis pendens is subject to long-standing equitable principles. *See White v. Wensauer,* 1985 OK 26, ¶ 9, 702 P.2d 15, 18. Thus, in a case where a party moves to cancel a lis pendens, as here, a trial court must balance all the equities in the case to determine whether applying the doctrine is harsh or arbitrary and whether the cancellation of lis pendens would result in prejudice to the non-petitioning party. *Id.* at ¶ 10, 702 P.2d at 18.

¶ 11 In the present case, Defendants and Hotels assert three arguments to support their claim that the trial court's denial of their motion to cancel the lis pendens was error. First, that Plaintiffs' lawsuit does not involve or affect "real property" as required by the statute. Second, that the balance of equities in the case favored them. Third, that the trial court improperly refused to

solved by the opinion, and that the trial court considered and followed the opinion's directions.

admit and consider the Cocoa Beach Hotel partnership agreement.

¶ 12 In their first proposition, Defendants and Hotels note that the purpose of lis pendens is to give notice of pending title disputes to potential third-party buyers. They argue that because Plaintiffs are pursuing a *derivative* action, Hotels are the real parties in interest, and, since Hotels already own the hotel property and there is no title dispute involved in the case, lis pendens notice serves no useful purpose. They rely on *Central Allied Profit Sharing Trust v. Bailey*, 759 P.2d 849 (Colo.Ct.App.1988), which affirmed the striking of a lis pendens notice because the plaintiffs' underlying lawsuit, if successful, would not affect the *title* to certain partnership property. Defendants also assert that, even if the COCA opinion was correct in holding that lis pendens is not limited to title disputes, and even if Plaintiffs' lawsuit against Defendants is successful, the suit still does not "involve" or "affect" realty since Defendants do not own the Cocoa Beach Hotel and have no power to sell or encumber it.

¶ 13 There is wide divergence in how various jurisdictions define the lis pendens requirement that an action be one involving or affecting real property.[5] However, Oklahoma does not narrowly limit the doctrine to disputes involving only "title, possession or interest in property." Instead, as COCA Division I explained in its opinion in Appeal No. 105,763:

> The Court in the present case discharged the notice of lis pendens ... based on its ruling as a matter of law that the doctrine applied only in disputes as to title, possession, or interest in the property. Although some states statutorily have narrowed application of the doctrine of lis pendens to such disputes, Oklahoma has not done so. Section 2004.2 [of Title 12 of the Oklahoma Statutes] specifies the procedure for filing the notice as to actions "involving real property" against 'the land affected by the action. *In the present case, the relief requested by the [Plaintiffs] would affect [Defendants'] power to convey or encumber the real property. Therefore, the real property is* **arguably** *involved in the action and affected by it. The trial court did not address this question and must do so in order to cancel the lis pendens.* (Emphasis added; footnote omitted.)

¶ 14 While Division I's opinion found that Plaintiffs' action would affect Defendants' power to sell or encumber the real property, it did not find that Defendants had such power. For that reason, it directed the trial court to determine on remand whether real property was involved in the action and affected by it. After receiving evidence, the trial court concluded that Defendants had the power to sell or convey the property and, therefore, realty was involved in or affected by the action.

¶ 15 After review, we agree with the trial court's finding regarding the Woodward Hotel. The appellate record proves that the hotel was owned by the Woodward Hotel Corporation, that Defendant Robert Slater owned a 60% interest in the corporation, and that he had the power to sell the hotel. Thus, the statute authorizes the filing of a lis pendens against that property, subject to the trial court's equitable inquiry.

¶ 16 However, the appellate record also proves that Defendants do *not* own a majority or controlling interest in the Cocoa Beach Hotel and do not have the power to sell it. This hotel property is owned by the Cocoa Beach Hotel Fund Limited Partnership, an Oklahoma limited partnership consisting of the Cocoa Beach Hotel Corporation, and others. Although Defendant Robert Slater owns a majority interest in, and is the sole director of, the corporation,[6] the corporation

---

5. For example, Ohio courts have held it is not sufficient that the property be the **source** from which the plaintiff will be compensated, but that it must be "at the very essence of the controversy between the litigants"; while Florida courts have required the existence of **a fair nexus** between the apparent legal or·equitable ownership of the property and the dispute embodied in the lawsuit. *See Levin v. George Fraam & Sons, Inc.*, 65 Ohio App.3d 841, 585 N.E.2d 527, 530 (1990); *Chiusolo v. Kennedy*, 614 So.2d 491, 492 (Fla. 1993); 51 Am.Jur.2d *Lis Pendens* §§ 19 & 65 (2000).

6. 5/13/09 Transcript, pp. 135–140. Plaintiff Bock owns a minority interest in the corporation, and Plaintiff Vose has an interest in an entity that is a minority partner in the limited partnership.

has only a minority ownership in the limited partnership.[7] Importantly, the Cocoa Beach Hotel is the only asset owned by the partnership. Under Oklahoma law, all partners must consent to a sale or disposition of all, or substantially all, of a limited partnership's property, *see* 54 O.S.2001 § 150, and general partners, such as the Cocoa Beach Hotel Corporation, do not have the right to separately dispose of partnership property. *See Roby v. Day*, 1981 OK 122, 635 P.2d 611. Unless there is an agreement otherwise, Defendants, through the corporation, only have the power to sell their interest in the partnership, but do not have the power to sell the partnership realty.

¶ 17 Although the limited partnership agreement was not admitted into evidence,[8] Mitch Gregory, an Oklahoma City attorney, was allowed to testify that the Cocoa Beach Hotel Fund Limited Partnership Agreement authorizes a sale of the property with the consent of only a *majority* of the partners. Slater's conduct was consistent with this testimony. For example, prior to the failed 2008 sale, he sought consents from each of the partners, and obtained approval from those owning more than 72% of the partnership.

¶ 18 In rebuttal, Plaintiffs assert that Defendant Slater executed consents as the sole director of the Cocoa Beach Hotel Corporation, that these consents "permitted him to sell the Cocoa Beach Hotel," that he "could have drafted and changed these documents at any time," and that Hotels are essentially his alter egos. While Gregory admitted that Slater was the sole director of the Cocoa Beach Hotel, that Slater was authorized by the corporation to unilaterally consent to potential sales, and that Slater directed him to prepare the corporate consent, Gregory

clearly stated that the *corporate* consent did not, and could not, authorize Slater to sell *partnership* property. As noted above, Gregory testified that partnership property could only be sold with the approval of a majority of the partners.

¶ 19 In sum, the evidence conclusively established that Defendants had no direct power to sell the partnership realty. Furthermore, Plaintiffs presented no evidence that the other consenting partners' consents were forged, that they were merely Defendants' alter egos, or that Slater had a general statement of partnership authority authorizing him to sell the hotel without partnership approval. Because Plaintiffs' action does not directly involve or affect title to the Cocoa Beach Hotel property, the trial court's denial of Defendants' motion must be reversed.[9]

¶ 20 As noted above, the trial court correctly ruled that Plaintiffs' lawsuit involved or affected the Woodward Hotel. It was, therefore, required to balance the equities in ruling upon Defendants' motion. In *White v. Wensauer*, 1985 OK 26, ¶¶ 9–10, 702 P.2d 15, 18–19, the Oklahoma Supreme Court stated:

> [T]he trial court must balance the equities to determine whether, in a particular case, the application of the doctrine is harsh or arbitrary and whether the cancellation of lis pendens would result in prejudice to the nonpetitioning party. It is essential that the court, when called upon to act on a motion to discharge lis pendens, take testimony to ascertain the exact nature and extent of any possible prejudice that could result from the release of notice and, whenever appropriate, safeguard the threatened rights by other available means less drastic in character.

---

7. In their appellate brief, Defendants assert that, in certain qualifying sales of partnership property, after all limited partners have received a "preferred return," they may vote up to a 30% share.

8. The Limited Partnership agreement was not admitted into evidence, but was marked as Court's Exhibit No. 1. We find that the trial court erred in refusing to admit the partnership agreement, an issue which we discuss in greater detail below.

9. Our holding is consistent with the view expressed in 51 Am Jur.2d *Lis Pendens* § 43 (2000):

> Lis pendens is not appropriate in an equitable shareholder's action against a corporation's director for a breach of fiduciary duty and interference with contract rights, where the action did not directly affect the title to or right of possession of real property and where the shareholder did not seek an equitable lien on the specific property.

¶ 21 Here, the trial court clearly conducted a careful balancing of the equities. Plaintiffs presented evidence that Defendants had previously used the various entities for personal gain, and that they had failed to disclose the details of the proposed Cocoa Beach Hotel sale (including a plan to use $2 million to pay off another debt). Defendants primarily presented evidence that a lis pendens "prejudiced" their ability to sell the Cocoa Beach property, and, inferentially, the Woodward property. The trial court weighed the conflicting evidence, found that the lis pendens was necessary to safeguard Plaintiffs' threatened rights, and determined that there were no other less drastic means for doing so. Its decision regarding the Woodward Hotel is not against the weight of the evidence, contrary to law, or a clear abuse of discretion.

¶ 22 Finally, Defendants and Hotels assert the trial court erred by excluding from evidence the Cocoa Beach Hotel Partnership Agreement. They concede that they did not timely produce the document because of a computer "glitch" that rendered it unreadable. However, they assert that its admission was relevant and material, and the trial court's exclusion was error. We agree.

¶ 23 The limited partnership agreement was the best evidence of the Cocoa Beach Hotel Corporation's interest in the Cocoa Beach Limited Partnership, and Defendants' power (through the corporation) to sell or encumber the property. Plaintiffs did not demonstrate substantial prejudice by its admission, and any prejudice to Plaintiffs is clearly outweighed by the document's probative value.[10] Nevertheless, we have already ruled that the trial court erred in denying Defendants' motion to cancel the lis pendens notice on the Cocoa Beach Hotel. Therefore, the trial court's exclusion of the partnership agreement, even if erroneous, has been rendered harmless.

## CONCLUSION

¶ 24 The trial court's decision is hereby affirmed in part as to the Woodward Hotel, and reversed as to the Cocoa Beach Hotel.

This cause is remanded with directions that the motion to cancel lis pendens be granted as to the Cocoa Beach Hotel.

¶ 25 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.

GOODMAN, J., concurs, and RAPP, J., not participating.

10. In fact, Defendants assert that Plaintiffs had already received a copy of the agreement at- tached to Defendants' April 17, 2009, supplemental brief in support of its motion to cancel.